*In re* BOARD OF CANVASSERS.

*In re* NOYES.

(Supreme Court, Special Term, Chemung County. November, 1890.)

1. ELECTIONS AND VOTERS—CANVASSING BALLOTS—STATEMENTS BY INSPECTORS.
     Laws N. Y. 1842, c. 130, tit. 4, § 42, (1 Rev. St., 8th Ed., p. 421,) requires the inspectors of election to attach to their statement of the result of the canvass of the votes cast in their respective districts sample ballots, with indorsements stating the number of each kind voted. Section 44 provides that the statement shall show the whole number of ballots taken for each person, designating the office for which they are given, and that at the end thereof shall be a certificate subscribed by the inspectors that the statement is in all respects correct. Title 5, § 6, provides that the board of county canvassers shall estimate the votes of the county from "the original statements of the canvass in each district." Held, that the board of

county canvassers must estimate the votes from the statements made by the inspectors, and not from the indorsements on the sample ballots attached to the statements.

**2. SAME—OMISSION OF SAMPLE BALLOTS—POWER OF INSPECTORS TO RECONVENE.**

Laws N. Y. 1842, c. 130, tit. 4, § 35, (1 Rev. St., 8th Ed., p. 420,) requires the inspectors, as soon as the poll of an election shall have been finally closed, to proceed to canvass the votes cast at said election, and provides that "such canvass shall not be adjourned or postponed until it shall have been fully completed." *Held,* that where the inspectors canvassed the votes, and made a statement thereof, but adjourned without attaching the sample ballots, as required by section 42, they have no power afterwards to reconvene and attach the sample ballots.

**3. SAME—CORRECTING STATEMENTS.**

Laws N. Y. 1842, c. 130, tit. 5, § 15, provides that "if upon proceedings to canvass the votes it shall clearly appear to the canvassers that in any statements produced to them certain matters are omitted in such statements, which should have been inserted, or that any mistakes which are clerical merely exist, they shall cause the said statement to be sent * * * to the town or ward inspectors * * * to have the same corrected." *Held,* that the omission or clerical error is only one appearing on the face of the statement, and interfering with the canvass by the board of county canvassers, and the omission to attach the sample ballots cannot afterwards be supplied.

**4. SAME—MANDAMUS TO COUNTY CANVASSERS.**

Under Laws N. Y. 1842, c. 130, tit. 5, § 6, providing that the board of county canvassers shall "estimate the votes of the county, and shall make such statement thereof as the nature of the election shall require," the canvassers act ministerially, and their action may be directed by *mandamus.*

Application by Henry T. Noyes for *mandamus* to the board of canvassers of Chemung county to reconvene and re-estimate the vote of the county. It appeared that the county clerk refused to receive the returns from some of the election districts in the city of Elmira, on the ground that the inspectors, when they met immediately after the closing of the polls, and made and signed their statement of the result of the election, did not attach thereto sample ballots of each kind voted with an indorsement stating the number of each kind voted. Thereupon, some of the inspectors and supervisors of election (as many as could be found) reassembled and selected from the ballots, all of which have been preserved, samples which they attached to their statements, with indorsements of number cast of each kind, as required by law. In some of the returns, where the sample ballots were attached to the returns, as required by law, the indorsements as to the number of votes cast differed from the number appearing in the statements to which the sample ballots were attached, and in these cases the board of canvassers estimated the vote from the indorsements on the sample ballots. In another district, where the clerk refused to accept the return, some of the inspectors on the day after the election made a new statement and attached thereto sample ballots duly indorsed. The number of votes cast, as shown by the new statement, corresponded with the indorsements on the sample ballots, but differed from the number shown by the original statement. The original statement was not on file when the votes were canvassed, but was filed afterwards, and the canvassers estimated the vote in this case from the new statement.

*Robertson, Smith & Bull,* (*A. J. Robertson* and *W. A. Sutherland,* of counsel,) for petitioner. *John B. Stanchfield,* for respondents.

SMITH, J. The petitioner prays for a peremptory writ of *mandamus* to the board of canvassers of Chemung county, directing them to reconvene and re-estimate the vote of the county upon candidate for representative in congress. He alleges that the said board erroneously estimated said vote from the sample ballots attached to the statement, with the indorsements thereon of the number cast, and disregarded the original statement of votes made by the board of inspectors; and that this occurred in six election districts in the city of Elmira. Unless the petitioner shows his right to this writ upon the conceded facts, the motion for a peremptory writ must be denied, and an al-

ternative writ granted for the determination of any disputed fact. It is conceded here that in each one of the six districts, immediately at the close of the polls, the votes were counted by the inspectors, the result was officially announced, and a statement of the vote cast, and for whom, was made and was signed by the inspectors before the adjournment of the board. The claim of the petitioner is that this constituted the official statement from which the board of canvassers was required by law to estimate the vote of the county; and that the said board, having failed to estimate the said vote upon said statement, has committed an error, the correction of which the court will direct by *mandamus*. The respondents contend, however, that the sample ballots attached to the statement, with the indorsement thereon of the number of each kind voted, are better evidence of the vote of the district, and that they form part of the statement which by law is made the basis of their estimate, and that they of right estimated the vote thereupon. Chapter 130 of the Laws of 1842 prescribes that the board of supervisors of the county shall be the canvassing board of the county. By section 6, tit. 5, of the same act, it is provided: "The original statements of the canvass in each district shall then be produced, and from them the board shall proceed to estimate the votes of the county, and shall make such statement thereof as the nature of the election shall require." This original statement is the statement made by the board of inspectors immediately succeeding the closing of the poll. See section 48, tit. 4, of said act. The form of the statement is specifically prescribed by section 44, tit. 4, of said act, as follows: "The statements to be made by the inspectors shall contain a caption, stating the day on which, and the number of the district, the town or ward, and the county at which, the election was held in relation to which such statement shall be made; it shall also contain a statement showing the whole number of ballots taken for each person, designating the office for which they are given, which statement shall be written in words at length; and at the end thereof a certificate that such statement is correct in all respects; which certificate shall be subscribed by the inspectors." By section 42, tit. 4, of the same act, it is provided that the inspectors shall attach to the statement sample ballots of each kind voted with an indorsement, written partly thereupon and partly upon the paper to which the sample ballot is attached, stating the number of each kind voted. There is no requirement of law that this indorsement upon the sample ballot shall be certified as correct, nor that it shall be over the signatures of the inspectors, nor that it shall form any part of the statement itself from which by express provision of the law the board of canvassers must estimate the vote of the county. The vote as entered in the statement is made after the canvass and upon proclamation by the chairman of the board of the result of such canvass. See section 3, c. 513, Laws 1855, as modified by chapter 79, Laws 1856, and chapter 712, Laws 1871. It is clearly the intention of the statute that this official statement made after and in accordance with the proclamation of the result of the canvass, which is required to be certified to as correct over the signatures of the inspectors, shall form the basis of the estimate of the board of canvassers, rather than the sample ballots attached to the statement with the indorsement thereupon which is not required to be certified as correct, and to which the board of inspectors are not required to subscribe. When the board of canvassers of Chemung county, therefore, assumed to estimate the vote of the county from the sample ballots with their indorsements, in disregard of the face of the statement, which was over the official signature of the inspectors, they proceeded in violation of law and the court is properly asked to direct them to correct their error and to estimate the vote from the legal statement which has been certified by the board of inspectors. This rule of law disposes of all the questions presented in the petition.

In the second district of the First ward the statement made upon the night

of election and certified to by the inspectors is the only legal statement of the vote there cast. The making up of new returns upon the day after election, and the attaching of the sample ballots thereafter to the statement made upon election night, is clearly without warrant of law. By section 35, tit. 4, c. 130, of the Laws of 1842, the inspectors are required, as soon as the poll of an election shall have been finally closed, to proceed to canvass the votes cast at said election. By the same section it is also provided that "such canvass shall be public, and shall not be adjourned or postponed until it shall have been fully completed." After the adjournment of the board of inspectors upon election night, they having made and certified and signed the statement which the law requires, their functions were at an end. Thereafter they had no power whatever to alter that statement or to add thereto or to attach the sample ballots.

By section 323[1] of the Election Code, (1 Rev. St., 8th Ed., p. 423, § 15,) it is provided: "If, upon proceeding to canvass the votes, it shall clearly appear to the canvassers that in any statement produced to them certain matters are omitted in such statement, which should have been inserted, or that any mistakes which are clerical merely exist, they shall cause the said statement to be sent by one of their number to the town or ward inspectors, * * * to have the same corrected." The omission or clerical error, however, intended by this statute is only one appearing upon the face of the statement and interfering with the estimate by the board of canvassers of the vote of the county. The failure to attach the sample ballots is not such an omission as will authorize the board of canvassers to return the statement to the board of inspectors. The policy of the law is to make final the action of the board at its meeting immediately following the closing of the poll. Justice LANDON, in *People* v. *Board of Canvassers*, 46 Hun, 390, says: "The law contemplates that the duties of inspectors shall in these respects be as promptly performed as possible; for this purpose, among others, that the result may be determined and declared without any bias arising from the knowledge of its effect upon the aggregate result or from exposure to subsequent influences. Like the verdict of a jury, when once regularly delivered, the jurors themselves cannot overthrow or defeat it." Although the original statement in the second district of the First ward was not before the canvassing board when the canvass was made, the board may, nevertheless, now be directed to estimate its vote therefrom. See Id.

The respondents further object that the court cannot direct the board to estimate any particular return or statement. That is the true rule where the body acts judicially. Where, however, as here, the body acts ministerially only, the court has the clear right to direct its ministerial action. The power to estimate mentioned in the statute is simply the power to count. See *People* v. *Board of Canvassers, supra; People* v. *Board of Canvassers, ante,* 173, opinion of Justice DAVY. Assuming, then, all the allegations in the respondents' affidavits to be true, the petitioner still has the right to the relief he asks. The board of inspectors cannot be heard now to say that their statement made upon election night was incorrect. If there be power to go behind that statement and prove error therein, that power rests with congress, and not with the board of canvassers, or with the court. The law directs that the board of canvassers shall estimate the vote upon that statement made, and it is for the enforcement of that law that the *mandamus* of the court is properly invoked.

[1]Laws 1842, c. 130, tit. 5, § 15.